**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANTONIO LUZARDO,  :       | **Hon. Robert B. Kugler** |
| Petitioner,  :            | Civil No. 07-5233 (RBK) |
| v.  :                     |  |
| JEFF GRONDOLSKY,  :       | **OPINION** |
| Respondent.  :            |  |

**APPEARANCES**:

    ANTONIO LUZARDO, #22433-050
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**KUGLER**, District Judge

Antonio Luzardo, a prisoner confined at the Federal Correctional Institution at Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence essentially on the grounds of non-compliance with the notice requirements of 28 U.S.C. § 851(a)(1) and unconstitutionality of the sentence, pursuant to Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005).  Having thoroughly reviewed the Petition, this Court will summarily dismiss the Petition for lack of jurisdiction.

## I.   BACKGROUND

Petitioner challenges a 240-month sentence imposed by United States District Judge Alfred J. Lechner, Jr., on June 1, 2000, after a jury found Luzardo guilty of conspiracy to distribute heroin.  See United States v. Luzardo, Crim. No. 99-0228 judgment (D. N.J. June 1, 2000).  The Court of Appeals for the Third Circuit affirmed the conviction on June 28, 2001.  See United States v. Luzardo, C.A. Docket No. 00-1808 judgment (3d Cir. June 28, 2001), cert. denied, 536 U.S. 962 (U.S. June 28, 2002) (No. 01-6491).  On July 8, 2002, the Supreme Court denied certiorari. Id.

On June 17, 2003, Petitioner filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255.  See Luzardo v. United States, Civil No. 03-2962 (JWB) (D. N.J. filed June 17, 2003).[1]

---

[1] The § 2255 motion presented the following claims:

(1) the sentence is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), because it was enhanced on the basis of facts (drug quantity) not found by the jury or admitted by petitioner;

(2) the sentence violates Blakely v. Washington, 124 S. Ct. 2531 (2004);

(3) the government failed to serve the notice of sentence enhancement required by 28 U.S.C. § 851 upon petitioner;

(4) the request for an enhanced sentence was vindictive;

(5) ineffective assistance of counsel.

(continued...)

Chief Judge John W. Bissell denied relief on August 16, 2005. See Luzardo v. United States, Civil No. 03-2962 (JWB) opinion, p. 2. On November 9, 2005, the Court of Appeals denied a certificate of appealability as follows:

> With regard to the two claims specifically raised in the request [for a certificate of appealability], even if Luzardo had not waived the alleged violation of 21 U.S.C. § 851 by failing to raise it on direct appeal, this claim is not the proper subject for a certificate of appealability because not complying strictly with the terms of section 851 does not amount to the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2) . . . The appellant's Blakely/Booker claim fails because the rule in question does not apply retroactively to cases on collateral review. See Lloyd v. United States, 407 F. 3d 608 (3d Cir. 2005).

Luzardo v. United States, C.A. Docket No. 05-4058 order (3d Cir. Nov. 9, 2005). On January 4, 2006, the Court of Appeals denied Luzardo's petition for rehearing en banc. Luzardo, C.A. Docket No. 05-4058 order (3d Cir. Jan. 4, 2006), cert. denied, 547 U.S. 1094 (U.S. April 17, 2006) (No. 05-9603). On April 17, 2006, the Supreme Court denied certiorari. Id.

Petitioner, who is confined at FCI Fort Dix, filed this § 2241 Petition on October 31, 2007. Petitioner challenges his federal sentence under 28 U.S.C. § 2241 on five grounds, which are set forth verbatim:

---

[1](...continued)
Luzardo v. United States, Civil No. 03-2962 (JWB) opinion, p. 2 (D. N.J. Aug. 16, 2005).

>Ground One: NOTICE REQUIREMENTS FOR PRIOR DRUG CONVICTION ENHANCEMENT ABSENT COMPLIANCE.
>
>Ground Two: WHETHER PETITIONER'S INDICTMENT WAS CONSTRUCTIVELY AMENDED WHEN ELEMENTS WERE ADDED TO ENHANCE PETITIONER'S SENTENCE OVER WHAT THE PETIT JURY FOUND PETITIONER GUILTY OF.
>
>Ground Three: WHETHER PETITIONER'S SIXTH AMENDMENT JURY TRIAL RIGHTS WERE VIOLATED.
>
>Ground Four: JUDICIAL FACT-FINDING UNDER A PREPONDERANCE OF THE EVIDENCE VIOLATES THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND RENDERS PETITIONER'S SENTENCE ILLEGAL.
>
>Ground Five: REASONS FOR GRANTING THIS 2241 PETITION.

(Pet. at pp. 4, 7, 13, 19, 22.)

## II. DISCUSSION

A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

>(c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure

4

whereby a federal prisoner might collaterally attack his sentence in the sentencing court.  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

Section 2255 prohibits a second or successive motion under § 2255 unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty or (2) the motion pertains to a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. §§ 2255, 2244(b).

Most importantly, § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under 28 U.S.C. § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the

5

petitioner's detention.[2]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F. 3d at 538.  "It is

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

6

the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id.

In In re Dorsainvil, 119 F.3d at 251, the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[3] The Third Circuit first determined that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims. However, the court held that, under the narrow circumstances present, § 2255 was inadequate and ineffective:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. **However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to**

---

[3] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct. The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final. See Bousley v. United States, 523 U.S. 614 (1998). "[D]ecisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct . . . necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" Id. at 620 (1998) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

7

> **challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.**

Dorsainvil at 251 (emphasis added).[4]

In this case, the grounds which Petitioner presents in his § 2241 Petition were raised by Petitioner in his § 2255 motion and rejected, or could have been raised. "Section 2255 is not

---

[4] Several courts of appeals have adopted similar tests. See, e.g., Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) ("We therefore hold that the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of the circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law"); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) ("The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes that the prisoner was convicted of a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) ("A federal prisoner should be permitted to seek habeas corpus relief only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion"); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997).

'inadequate or ineffective' merely because the sentencing court does not grant relief [under § 2255] . . . or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." <u>Cradle</u>, 290 F. 3d at 539.  Moreover, § 2255 is not inadequate or ineffective where the sentencing court "could have entertained the prisoner's claim[s], inquired fully into the facts and granted the very relief the prisoner is seeking." <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954).

Because § 2255 is not an inadequate or ineffective remedy for Petitioner's claims, this Court lacks jurisdiction to entertain them under § 2241, and will dismiss the Petition for lack of jurisdiction.

### III. CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.

S/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

Dated: <u>December 20   </u>, 2007